```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

CAROLYN BRODIE DURHAM,      }
                            }
     Plaintiff,             }
                            }     CIVIL ACTION NO.
v.                          }     10-AR-1386-S
                            }
PUBLIX SUPER MARKETS, INC., }
et al.,                     }
                            }
     Defendants.            }
```

## MEMORANDUM OPINION AND ORDER

At the status conference held on August 26, 2010, in the above-styled case, oral motions were made and were ruled upon by the court. This order will memorialize the said motions and the said rulings.

1.  The court does not have jurisdiction pursuant to 28 U.S.C. § 1332, the statute that was invoked by the removing defendant, Publix Super Markets, Inc. ("Publix"). The unserved defendant, Adrian J. Morris, was, at all relevant times, a resident of the State of Alabama. There is no diversity.

2.  The motion of defendant to amend its notice of removal to invoke 28 U.S.C. § 1331, instead of 28 U.S.C. § 1332, is GRANTED. The improper citation was a scrivener's error. There appears, at least temporarily, to be a federal question.

3.  The "First Affirmative Defense" in the answer filed by Publix is, in reality, a Rule 12(b)(6) motion and is inappropriate when not separately filed (see *Andrews v. Lakeshore Rehabilitation*

*Hosp.*, 140 F.3d 1405, 1406-7 (11th Cir. 1998)).  The court, nevertheless, will consider the oral Rule 12(b)(6) motion of Publix aimed at the spurious federal claims of plaintiff, Carolyn Brodie Durham ("Durham").  Plaintiff concedes that her invocation of 42 U.S.C. §§ 1983 and 1985, and the Fourth, Sixth, Eight, Ninth, and Fourteenth Amendments to the Constitution were inappropriate, and that she has no federal claim.  The complaint, insofar as it contains such claims, is DISMISSED WITH PREJUDICE.

4. With no diversity jurisdiction and with no federal question jurisdiction, the court DECLINES to exercise any supplemental jurisdiction it may have over what is now is a purely state law claim.  Therefore, the case is hereby REMANDED to the Circuit Court of Shelby County, Alabama, from which it was removed.  The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs.

DONE this 27th day of August, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE